## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dayerlin Serrano Ordonez, | No. CV-26-00182-TUC-JGZ (LCK) |
| Petitioner, | **ORDER** |
| v. | |
| Christopher McGregor, et al., | |
| Respondents. | |

Petitioner, through a next-friend[1] and counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 5) challenging his immigration detention. Petitioner also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). The Court will require Respondents to show cause why the Petition should not be granted.

---

[1] To qualify for "next friend" standing, a "next friend" must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," and "must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164. Ms. Serrano Ordonez has met her burden and the Court will grant her next friend status through her attorney. *See Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (a "next friend" cannot proceed in federal court without an attorney); *Morrison v. Tuolumne Cnty. Sheriff*, CV-25-01591-JLT-EPG-HC, 2025 WL 3268269, at *1 (E.D. Cal. Nov. 24, 2025) ("'Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." (quoting *United States v. Caputo*, CR-14-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023))).

## I.       Petition

Petitioner alleges he is a citizen of Venezuela who entered the United States in 2023 and was apprehended by Border Patrol.  He remained in immigration detention for two weeks, was released on his own recognizance, and was placed in removal proceedings.  In February 2025, Petitioner was granted withholding of removal to Venezuela.  Petitioner was then detained on April 9, 2026 following a routine ICE check-in and Petitioner's wife was informed Respondents intended to remove Petitioner to Africa.  Petitioner argues his redetention following his release on his own recognizance violates his due process rights and the Administrative Procedure Act (APA).  He also asserts there are inadequate procedures for third-country removal, which violates his rights under 8 U.S.C. § 1231(b)(3) and its implementing regulations.  Petitioner requests release from custody and an Order enjoining his removal to a third country without first providing "meaningful notice and opportunity to access the protections required pursuant to 8 U.S.C. § 1231(b)(3) and its implementing regulations."

Respondents must show cause why the Petition should not be granted.  Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

## II.      Motion for Temporary Restraining Order and Preliminary Injunction

Petitioner requests the Court enjoin Respondents from removing him to a third country without first providing written notice and a meaningful opportunity to challenge the removal.  The Court, in its discretion, will deny the Motion because Petitioner has not shown he is likely to suffer immediate and irreparable injury before Respondents can be heard in opposition.  *See* Fed. R. Civ. P. 65(b)(1).  To obviate the issue Petitioner raises the Court will require Respondents to advise the Court at least three business days in advance of any intended removal from the United States.

///

**IT IS ORDERED:**

(1)    Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied without prejudice**.

(2)    Counsel for Petitioner must **immediately** serve the Amended Petition (Doc. 5) and a copy of this Order on Respondents.

(3)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(4)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)    Respondents must show cause no later than **April 16 2026**, why the Petition should not be granted.

(6)    Petitioner may file a reply no later than **April 20, 2026**.

(7)    If Respondents intend to remove Petitioner from the United States, Respondents must advise the Court at least three business days in advance of the intended removal.

Dated this 13th day of April, 2026.

Jennifer G. Zipps
Chief United States District Judge